Modified.

22 C. C. P. A. (Patents)

**In re BEPLATE et al.**

**Patent Appeal No. 3473.**

Court of Customs and Patent Appeals.
May 27, 1935.

Francis B. Leech, of Washington, D. C. (Thomas H. Byron, of Elizabethton, Tenn., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming the examiner's rejection of eight claims (1 to 6, inclusive, and 9 and 10) of an application for patent on an apparatus for use in drying "skeins of artificial silk and other textile materials."

Claims 1, 5, and 9 are illustrative:

"1. In a carrying apparatus for use in the drying of a plurality of rows of filaments in skein form, in combination, a main carrying rod, side rods suspended therefrom, and means for detachably securing to the side rods in spaced relationship, other rods to be used for carrying skeins."

"5. An element of a filament or yarn skein carrying means, comprising, in combination, a rod, a hook-like element secured

to one end thereof, and spaced carrying means located along the length thereof, said carrying means being provided with securing devices comprising trough-like elements."

"9. In a skein carrying means for artificial filaments, in combination, a rod adapted to carry the skeins, a pair of side members swingingly suspended therefrom, and a plurality of other supporting rods shorter in length than the first-named rod, adjustably secured at spaced intervals to said side rods."

All the claims were rejected upon prior art, claims 9 and 10 being also rejected as being "misdescriptive." The references relied upon are:

Howell, 181,442, August 22, 1876.

Stoutenburgh, 1,155,967, October 5, 1915.

Corbett, 1,202,166, October 24, 1916.

Soloff, 1,769,805, July 1, 1930.

Allsop et al., British, 227,987, January 29, 1925.

The application discloses a main carrying rod having side rods suspended therefrom. Rigidly attached to the side rods are trough-shaped elements in which rest skein carrying rods that have holes, or eyes, in each end; the eyes fitting over hooks placed adjacent the trough shaped elements.

The skein carrying rods are detachable and are appropriately spaced. The number which may be carried upon the frame is dependent upon the size of the latter. In operation, after the skeins are adjusted upon the rods, the device is passed through the dryer by means of transporting chains. The dryer element is not involved as a part of the combination in any of the claims before us, they being limited to the skein carrying apparatus with its respective features.

The patent to Howell relates to clothes driers and discloses side bars hinged upon upright standards, the side bars having slots for receiving rails upon which the clothes are hung.

The patent to Stoutenburgh relates to a clothes rack. Side bars are disclosed having appropriately spaced eyes which receive hooks at the ends of rods upon which rods the clothes are suspended.

The patent to Corbett also relates to a clothes rack, and discloses crossbars upon which there are trough shaped spring clips in which rest the ends of the clothes carrying rods.

The patent to Soloff is for a rack upon which to hang neckties. It discloses flexible leather side pieces suspended from a rigid top bar, the side pieces having bars riveted thereto, the bars fitted with appurtenances upon which the neckties are hung.

The British patent to Allsop et al. relates to process and apparatus for treating textile materials "particularly materials such as yarns in skeins, cops, etc., in a machine of known form comprising a drying chamber, a cooling chamber and a conditioning chamber." It seems to have been cited because of its disclosure of rods carried on chains as supporting means for the skeins of yarn.

It was held by the board that claims 1, 3, 4, and 9 read directly upon Stoutenburgh; also, that all the essential limitations of claims 1, 4, and 9, along with claim 2, are clearly disclosed in the patent to Soloff; that claims 5 and 6 are met in every substantial respect by Howell; and that claim 10 is unpatentable over Soloff in connection with Howell or Corbett.

Before us there is no serious challenge of the findings to the effect that claims 1, 3, 4, and 9 read directly upon the patent to Stoutenburgh; the argument as to the inapplicability of this reference being predicated upon the contention that it relates to a nonanalogous art.

Under the heading, "The references of record do not meet the claims," the brief for appellant discusses only the rejection upon the Soloff patent. As to this rejection, it is argued that the Soloff patent also relates to a nonanalogous art and, in addition thereto, it is said that "aside from using this nonanalogous reference the examiner has found it necessary to disregard certain portions of the claims he could not meet." An analysis is then made of claim 1, and the brief asserts that the remaining claims (meaning, as we understand it, claims 2, 4, and 9) are in the same category.

It is urged that there is "absent entirely" from Soloff's combination the element expressed in claim 1 by the clause, "means for detachably securing to the side rods in spaced relationship, other rods to be used for carrying skeins." As to this, it seems sufficient to say that oth-

er of the references do show detachable rods so spaced, for example Stoutenburgh, upon which the claim was also rejected.

Fairly construed, we think appellants' only serious contention here is that which is based upon the question of nonanalogous art. It is insisted that the only reference cited which relates to the drying of skeins of textiles is the British patent to Allsop et al., that it does not anticipate appellants' structure, and that all the other references are improper.

■ We have hereinabove directed attention to the fact that there is no claim which includes a drying apparatus as a part of appellants' combination. Each claim is limited to a structure used in supporting the skeins as they are conveyed through the dryer. In several this apparatus is referred to as a "carrying apparatus" and the specific use which is to be made of it is defined in the preamble as that of the drying of filaments.

It is our opinion that the preamble or introductory phrases of appellants' claims may not be taken as a part of the subject-matter of those claims. Lorenz K. Braren v. George Horner, 47 F.(2d) 358, 18 C. C. P. A. (Patents) 971, and cases there cited; In re Alfred W. Abrahamsen, 56 F.(2d) 871, 19 C. C. P. A. (Patents) 1056.

It is quite true that there are cases in which introductory words of claims are so intimately related to the subject-matter as that they of necessity constitute limitations which must be considered. Clarence A. Hall v. Genzo Shimadzu, 59 F.(2d) 225, 19 C. C. P. A. (Patents) 1288.

Such is not true of the case at bar. Here appellants' structure is completely defined independently of the preamble of the claims. It could be constructed from the description given, even though the person erecting it were deprived of all knowledge of its intended use. The preamble does not constitute a limitation upon structure but merely states a purpose.

Since all the claims are structural claims, we think they must be tested, in the light of the prior art, by the structure which they define, and not by the use which is to be made of the completed device, and we are unable to discern wherein there are in appellants' combination as described any modifications of the structural features of the cited art which may properly be held to involve invention as distinguished from mechanical skill.

Claims 9 and 10 were rejected upon the additional ground of inaccuracy or misdescriptiveness, it being held that they require supporting rods adjustably secured at spaced intervals to the side rods, and that appellants, while disclosing "detachable" supporting rods, did not disclose rods "adjustably secured." In view of our conviction that the claims were properly rejected upon the prior art, there appears to be no occasion for our passing upon this additional ground.

■ Upon the question of analogous art, we agree with the board that the patents to Stoutenburgh and Howell are sufficiently analogous to be here applicable.

The decision of the Board of Appeals is affirmed.

Affirmed.