30 C.C.P.A. (Patents)

## In re GOEPFRICH.
### Patent Appeal No. 4774.

Court of Customs and Patent Appeals.

June 1, 1943.

N. D. Parker, Jr., of Washington, D.C.., M. W. McConkey, of Chicago, Ill., and Thomas J. Plante, of South Bend, Ind., for appellant.

W. W. Cochran, of Washington, D.C. (R. F. Whitehead, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This appeal is from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Primary Examiner rejecting for lack of patentability over the cited prior art claims 1 to 5 inclusive, and 10 of appellant's application for a patent. No claims were allowed.

Claims 2 and 4 are illustrative and read as follows:

"2. A brake comprising, in combination with a drum and with anchorage and applying means including a pair of wheel cylinders at opposite sides of the brake, a pair of brake shoes each of which is acted on separately by pressure in both of the wheel cylinders and which are shiftable individually to anchor at either end according to the direction of drum rotation, and means for positioning each of said shoes when the brake is released including a part engaged by the drum during braking and shifted by the drum and a shoe-positioning device adjusted by movement of said part to compensate for wear of the shoe."

"4. A brake comprising, in combination with a drum and with anchorage and applying means, a plurality of brake shoes

each of which is acted on separately by the applying means and which are shiftable individually to anchor at either end according to the direction of drum rotation, return springs tensioned to hold the shoes yieldingly anchored for forward braking except when overcome during reverse braking by the drum friction, and means for positioning each of said shoes when the brake is released including a part engaged by the drum during braking and shifted by the drum and a shoe-positioning device adjusted by movement of said part to compensate for wear of the shoe, said brake having means for cushioning the shift of the shoes to their new anchorage positions in reverse braking."

The references relied upon with respect to the claims before us are:

Boughton 1,721,370 July 16, 1929
Loweke 2,134,791 November 1, 1938
Hoyt 2,158,700 May 16, 1939
La Brie Re. 21,380 March 5, 1940

Appellant's disclosure relates to a two shoe type of brake.

With respect to the improvements claimed to be inventive the examiner stated:

"Applicant's invention is directed particularly to three improvements in this type of brake.

"1. The use of a particular type of automatic wear adjustor to compensate for wear of the brake shoe linings. In general there are two main types of automatic brake adjustors. One type is controlled by the amount of movement of the brake shoe, so that in the event the brake shoe travels more than a predetermined distance, corresponding to normal clearance, the automatic adjustor will operate to compensate for such over-travel. Each of the patents to Hoyt and La Brie utilizes this type of automatic adjustor. This type has the disadvantage that should an abnormal clearance be present because of conditions other than wear, as for example expansion of the drum due to heat, a false adjustment will take place. Subsequently, when the drum cools and contracts to its original size there is danger of creating a dragging or locked condition of the brake. To overcome this disadvantage another type of brake adjustor has been developed. This adjustor is operative only by contact with the drum, and includes a part which normally is flush with the surface of the lining. As the lining wears, there obviously

will result, during brake engagement a force tending to push the adjustor part back to its flush relationship with the lining. This force is utilized to compensate for wear, and such compensation is due solely to wear of the lining, and is not dependent on the amount of clearance.

\* \* \* \* \* \* \*

"2. The second feature of the invention relates to the prevention of objectionable click or shock, incident to the circumferential movement of the brake as a unit in seeking its anchorage.

\* \* \* \* \* \* \*

"3. The third feature resides in so arranging the brake shoes that they can be shifted by drum contact to a centered position."

\* \* \* \* \* \* \*

Appellant's type of adjustor is that described in the last part of paragraph 1 above quoted.

The patents to Hoyt and La Brie each disclose the first type of adjustor described by the examiner as above quoted. The La Brie patent also shows the use of differential strength springs in the brake organization.

The patent to Loweke discloses the type of adjustor employed by appellant.

The patent to Boughton shows a brake device of the type which has different anchorages for forward and reverse backing, and it also discloses means for cushioning the shock of movement of the brake against its anchor.

The examiner rejected all of the claims before us on Hoyt or La Brie in view of Loweke.

Claims 3 to 5 were also additionally rejected on the same references in view of Boughton.

The Board of Appeals gave a general affirmance of the reasons given by the examiner for the rejections.

Appellant admits that the type of brake and the type of brake adjustment disclosed by him are old, but contends that he is the first to combine that particular type of brake and particular type of brake adjustment, and that such combination is inventive.

This argument applies to claim 2. As to the remainder of the claims, appellant contends additionally that the plurality of devices disclosed to make the combination renders the claims patentable.

Inasmuch as the patents to Hoyt and La Brie disclose the type of brake employed by appellant, and the patent to Loweke discloses the type of brake adjustment employed by appellant, we cannot hold that it would not be obvious to one skilled in the art to make the combination defined in claim 2.

With respect to the remainder of the claims, the features relied upon for patentability, in addition to the features set out in claim 2, are:

1. The use of differential strength springs to hold the shoes while released against the forward braking anchors, and

2. The use of a cushioning device to absorb the shock caused by movement of the shoes to anchor when the drum is rotating.

As hereinbefore indicated, the patent to La Brie shows the use of differential strength springs in his braking device. While not shown in the same relation as that disclosed by appellant, the examiner stated that the use of such springs "is common in the brake art." This statement is not rebutted in the record and we must accept it as a fact.

With regard to the use of a cushioning device as set forth in the above paragraph 2, Boughton as hereinbefore stated discloses a brake which has different anchorages for forward and reverse braking, and also means to cushion the shock of movement of the brake against its anchor.

It thus appears that all of the elements set out in the claims are old and the only question is whether it involved the exercise of the inventive faculty to combine them as appellant has done.

Upon this point appellant contends that references cannot be properly combined unless one or more of them teaches the combination claimed, and that such teaching is not found in any of the references before us.

In support of this contention appellant quotes a paragraph from our decision in the case of In re Huntzicker, 90 F.2d 366, 368, 24 C.C.P.A. Patents, 1325, reading as follows: "We find nothing in the references to suggest that appellant's new, useful, and commercially successful device might be constructed by combining some of their elements. We are of opinion, therefore, that the appealed claims involve invention and are patentable."

In our opinion said quotation should be read in connection with the paragraph immediately preceding the quotation, reading as follows: "Considering the appealed claims in the light of the facts of record, we are constrained to hold that appellant's combination, although defined broadly in the appealed claims, was not obvious to one skilled in the art."

Reading the two paragraphs together they do not sustain appellant's contention. It is obvious the paragraph relied upon by appellant should be construed as reading "We find nothing in the references to suggest to one skilled in the art * * *."

Appellant further contends that the combining of features taken from several references is not permissible to negative patentability.

There is no merit in this contention. In the case of In re Fridolph, 134 F.2d 414, 416, 30 C.C.P.A., Patents, ——, six references were cited.

In our opinion we stated " * * * it is entirely proper to consider several references in connection with the allowance of patent claims."

In the consideration of references, the question is, could one skilled in the art with the references before him make the combination of elements here claimed without exercise of the inventive faculty, and that is the only question before us on this appeal.

We are not satisfied that the Patent Office tribunals erred in their holdings that the combination set forth in the respective claims would be obvious to one skilled in the art, and the decision of the board is affirmed.

Affirmed.