### In re MILNE.

Patent Appeal No. 4827.

Court of Customs and Patent Appeals.
Feb. 7, 1944.

Walter C. Ross, of Springfield, Mass., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

Appellant, on October 31, 1939, filed in the United States Patent Office an application for a patent for "Pulp Flow Distributors for Paper-Making and Board-Making Machines."

Claim 18, being the only claim here involved, was rejected by the Primary Examiner on the ground of unpatentability over the cited prior art. Upon appeal the rejection was affirmed by the Board of Appeals.

Said claim 18 reads as follows:

"18. The combination with a paper-making machine of a unitary flow-distributor construction comprising, a box having bottom, outer, inner, and side walls and provided with an inlet in its lower side, said outer and inner walls being in upwardly converging relation but their upper ends being spaced apart, the upper end of said outer wall being in a plane above that of the upper end of said inner wall, a plurality of spaced baffles disposed within the box and extending laterally between said outer and inner walls, the upper marginal edges of said baffles being spaced from one another so as to provide a plurality of side-by-side outlets leading to said space between the upper ends of said inner and outer walls, a relatively-fixed board member extending substantially horizontally towards said machine from said inner wall and disposed adjacent said upper end thereof, a baffle extending towards said machine from said outer wall and disposed adjacent said upper end thereof, said baffle being in converging relation with respect to said board member having its free end spaced from the free end of the board member to provide a positively horizontally-directed outlet, and adjustable means associated with the baffle whereby the size of said outlet may be controlled."

The references cited are:
Austrian Patent, 70,796 June 1, 1915.
Wood, 1,866,607 July 12, 1932.
Bell-Irving et al., 1,909,150 May 16, 1933.
Milne (Brit.), 469,203 July 21, 1937.
Baxter, 2,156,445 May 2, 1939.
Milne, 2,205,693 June 25, 1940.

Appellant's alleged invention is described in the decision of the examiner as follows:

"Applicant's alleged invention is drawn to a flow distributing box containing spaced baffles which extend laterally between the inner and outer walls. A relatively fixed board extends substantially horizontally from the flow box and co-operates with an adjustable baffle to form an adjustable outlet at or near the forming wire.

"Claim 18 is drawn to a flow box with an inlet near the bottom. The side walls converge upwardly and between these side walls are a plurality of baffles spaced so that their upper ends form a plurality of outlets. From the upper edge of the inner side wall a horizontal board extends toward the machine. A baffle extends from adjacent the upper edge of the outer wall and converges with the horizontal board. Its free end has adjustable means associated with it so that the size of the outlet between the board and adjustable means may be controlled."

Appellant's British patent, 469,203, discloses a paper-making machine which includes all of the elements of the claim before us, except the latter portion thereof reading:

" * * * a baffle extending towards said machine from said outer wall and disposed adjacent said upper end thereof, said baffle being in converging relation with re-

spect to said board member having its free end spaced from the free end of the board member to provide a positively horizontally-directed outlet, and adjustable means associated with the baffle whereby the size of said outlet may be controlled."

The patent to Baxter relates to a paper-making machine and discloses a baffle and adjustable means associated therewith similar to the last above quoted element of claim 18, and having substantially the same function.

The claim before us was rejected by the examiner upon said British patent to appellant, in view of the patent to Baxter. In his statement on appeal he said:

" * * * Putting the well known baffle and adjustable means disclosed by Baxter on the flow box and horizontal board of Milne is considered an obvious means of making the apparatus a closed pressure outlet system which is in common use. * * *"

The examiner further rejected the claim as unpatentable over appellant's said British patent, in view of the other art of record. However, as we are of the opinion that the rejection upon appellant's said British patent, in view of the Baxter patent, was correct, it is unnecessary for us to consider the other references.

The Board of Appeals affirmed the decision of the examiner stating:

"We agree with the examiner that there is no invention in view of Baxter in adding to the Milne structure of the type stated in the last seven lines of the claim. The Austrian patent and Wood show an outlet similar to Baxter."

From this decision of the board, this appeal was taken.

The only question before us is whether it would be obvious to one skilled in the art to modify the structure of appellant's British patent by including therein the baffle and adjustable means disclosed by Baxter.

■ We have no doubt that the Patent Office tribunals came to the right conclusion. It seems clear to us that one skilled in the art with appellant's British patent 469,203, and the Baxter patent before him, would readily, without exercise of the inventive faculty, produce the structure embraced in the claim before us.

■ Appellant contends that references may not properly be combined unless the cited art teaches how to combine the cited structures, and in support of this contention cites the case of Ex parte Gee, 261 O. G. 800; C.D.1919, p. 49.

■ This was a decision of a Commissioner of Patents which supports appellant's contention, but the decision has never been followed by this court or by any other court so far as we are aware. It is true that the teachings of a patent may lead one skilled in the art away from an invention in controversy, in which case such teaching may be considered as bearing upon the availability of a reference, but such is not the case here.

The only question is whether one skilled in the art, familiar with appellant's British patent, upon examining the Baxter patent would, without the exercise of the inventive faculty, determine that the addition of Baxter's baffle would be an improvement upon the structure disclosed by the British patent. That is the only consideration required to determine patentability where references are combined.

■ In the case of In re Goepfrich, 136 F.2d 918, 920, 30 C.C.P.A.,Patents, 1181, the same contention was made that, before references may be combined to negative patentability, one or more of the references must teach the combination claimed.

We rejected this contention and, in our opinion, said:

"In the consideration of references, the question is, could one skilled in the art with the references before him make the combination of elements here claimed without exercise of the inventive faculty, and that is the only question before us on this appeal."

If appellant's contention should be sustained, then it would never be necessary to combine references to negative patentability, for if one of the references must teach the combination claimed that reference would be a complete anticipation of the invention and there would be no occasion to combine references.

Finding no error in the decision appealed from, it is affirmed.

Affirmed.