**Application of ROCKWELL.**

**Patent Appeal No. 5014.**

Court of Customs and Patent Appeals.

June 22, 1945.

Mitchell & Bechert, of New York City, (Martin T. Fisher, of Washington, D. C., and Fred J. Bechert, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the examiner rejecting on prior art claims 56, 58 and 61 of patent application No. 307,116, relating to a Power Unit.

Claims 36, 38, 39 and 40 were allowed by the examiner and claims 57, 59 and 60 were allowed by the board.

Claim 56 is illustrative of the subject matter of the claims and reads as follows:

"56. A power unit for intensifying and modulating hydraulic pressure, to be interposed as a unit in the hydraulic line between a master cylinder and an hydraulic motive means in a system of the character indicated, said power unit comprising a fluid pressure actuated member, pressure fluid connection means thereto, valve means for controlling the pressure fluid for actuating said fluid pressure actuated member, hydraulically actuated means for controlling said valve means, an hydraulic cylinder, low pressure hydraulic connection means to said hydraulic cylinder and to said hydraulically actuated means, means for cutting off communication between said low pressure hydraulic connection means and said hydraulic cylinder and for thereafter generating high hydraulic pressure in said cylinder while said hydraulically actuated means remains connected to said low pressure hydraulic connection means for controlling said valve means by low hydraulic pressure, said means for generating high hydraulic pressure in said cylinder including hydraulic piston means connected for operation by said fluid pressure actuated member, high pressure hydraulic connection means to said hydraulic cylinder, said fluid pressure actuated member, hydraulic cylinder, piston means, valve means and hydraulically actuated means for controlling said valve means being assembled as an integral unit for unit handling and installation, and said fluid pressure connection means, said low pressure hydraulic connection means, and said high pressure hydraulic connection means constituting the sole essential operative connections to said power unit."

The references cited are:

Smart, 732,789, July 7, 1903;
Carpenter, 791,075, May 30, 1905;
Loughead, 1,472,801, November 6, 1923;
Gruss, 1,875,723, September 6, 1932;
Rockwell, 1,896,374, February 7, 1933;
Pardee, 1,927,752, September 19, 1933;
Rockwell, 1,953,988, April 10, 1934;
Sciaky, 2,032,185, February 25, 1936;
Russell, 2,053,301, September 8, 1936.

The application is a division of application Serial No. 239,436, which covers the system or combination of a master cylinder, power unit and brake motors, especially as applied to braking systems on vehicles. The present application is limited to the power unit per se.

The invention relates to a vacuum-air differential power unit to be installed any place in the hydraulic line between the master cylinder and the wheel brake cylinders. The unit permits foot-generated pressure from the master cylinder to be transmitted through the hydraulic line to the brake cylinders on the wheels so as to adjust the brakes into operative position. Thereafter, the power unit, under control of the said foot-generated pressure, comes into action to increase the pressure on the brake cylinders to the desired braking force. The elements of the power unit are encased in a housing and are set forth in the quoted claim.

Appellant in his application states that his invention relates particularly to a power unit applicable to systems for the application of power for any desired purpose, but with special application in connection with the operation of automotive accessories. While none of the rejected claims are limited to a power unit for use on motor driven vehicles, the case has been briefed and argued entirely as to such use.

In his brief appellant states that the broad substance of his invention resides in a power unit to be installed as such between the master cylinder and the brake cylinders of a standard hydraulic brake system.

It will not be necessary to describe the inventions in the great number of cited patents, but such of them as may be necessary to consider we will discuss.

The Sciaky patent relates to a transmission system for a pressure-operated

member such as a hydraulic press. It discloses a means for first applying moderate hydraulic pressure and a means, which is activated automatically when the former pressure reaches a certain stage, for intensifying the pressure.

The Primary Examiner demonstrated in detail in parallel columns the application of all the elements of claim 56 to the Sciaky and Carpenter patents, and rejected it as not patentable over either of them, or each of them in view of the patents to Pardee, Loughead, Smart or Rockwell (appellant here). In view of our conclusion it is not necessary to discuss the Carpenter patent.

Appellant does not seem to contend that the power unit of the rejected claims differs essentially from those of the Sciaky and Carpenter patents. He urges that the devices disclosed therein are not unitary structures which could be handled and detached as a unit on a machine such as an automobile. It is quite true that those references do not state the use of the devices in connection with motor-driven vehicles, but as heretofore noted none of the rejected claims is limited to the unit in an automobile.

In describing his drawing, the patentee Sciaky states that the showing is diagrammatic. Clearly his device is not shown as a unit, as is the device of appellant. The examiner held, however, that it would not require invention to assemble the elements of the Sciaky patent into a unit, as, for instance, mounting them on a common base or placing them in a housing. It seems to us that such an expedient would be obvious to one skilled in the art, for the reason that diagrammatic drawings are commonly used by draftsmen in similar situations.

The examiner further referred to the Pardee, Loughead, Smart and Rockwell patents as illustrating brake mechanisms designed in unit form. It is clear to us that the elements disclosed in the rejected claims are clearly met by the device of the Sciaky patent, particularly in view of the references last-mentioned.

 Appellant contends most vigorously that the introductory clause of the rejected claims defines "the gist and substance of the invention," and that it limits the invention to a power unit to be installed as such between the master cylinder and the brake cylinders. The general rule is that the introductory clause of a claim which states only the environment, intended use or purpose of the structure later recited in the claim is not a limitation on the subject matter. This, like most rules, is subject to exception. An examination of the authorities discloses that the exception governs when the introductory clause is that portion of the claim which gives meaning and vitality to it. Hall v. Shimadzu, 59 F. 2d 225, 19 C.C.P.A., Patents, 1288; Braren v. Horner, 47 F.2d 358, 18 C.C.P.A., Patents, 971; In re Dawe, 53 F.2d 543, 19 C.C. P.A., Patents, 726; In re Wolfe, 69 F.2d 550, 21 C.C.P.A., Patents, 974; Deutsch et al. v. Ball, 77 F.2d 930, 22 C.C.P.A., Patents, 1322; and In re Stacy, 135 F.2d 232, 30 C.C.P.A., Patents, 972. The introductory clause here does not, as contended by appellant, serve as a limitation on the elements of the claims which follow it, but, in our opinion, is merely a statement of the intended use of the power unit and a positioning thereof. We again point out that the claims are not for anything but the power unit.

Claim 58 was rejected for the same reasons as claim 56. It contains the additional limitation that the power unit is operated by the pressure differential between atmospheric air and vacuum. However, as pointed out by the examiner, the use of an air-vacuum pressure differential is old in the art, as disclosed in the patents to Gruss, Rockwell, Loughead, and Russell.

Claim 61 is broader than claim 56 and was rejected on the same grounds.

We are of opinion that claims 56, 58 and 61 have been properly rejected.

It is interesting to observe that the claims allowed by the board each contains the same introductory clause as appears in the rejected claims. Of course they were not allowed for that reason, but appellant is certainly in no position to argue that his device has not sufficient patent protection under his allowed claims.

The decision of the Board of Appeals is affirmed.

Affirmed.