53 C.C.P.A.(Patents)

### Application of DENSE.
### Patent Appeal No. 5173.

Court of Customs and Patent Appeals.
June 11, 1946.

Harold E. Stonebraker, of Rochester, N. Y., for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed a decision of the Primary Examiner rejecting, in view of the prior art, all of the claims, 1 to 5 inclusive, of an application for a patent alleging "new and useful improvements in Floor Mat." The cited references are: Ellis, 1,784,803, December 9, 1930, and Glyco Chemicals, page 27, July 1938. From that decision this appeal was taken.

Claims 1 and 4 are illustrative of the subject matter on appeal and read as follows:

"1. A floor mat comprising a supporting layer and an outer tacky layer of wax-like material having a tread surface that is tacky, soft, rough, and adhesive, said tread surface acting to remove particles of dirt and dust from the sole of a contacting shoe and to retain the dirt and dust while readily releasing the shoe."

"4. A floor mat comprising a supporting layer and an outer tacky layer of synthetic wax known as "Flexo Wax C-Light" having a tread surface that is tacky, soft, rough, and adhesive, said tread surface acting to remove particles of dirt and dust from the sole of a contacting shoe and to retain the dirt and dust while readily releasing the shoe."

The subject matter of the alleged invention may be readily discerned from the quoted claims.

The Ellis patent relates to floor coverings comprising supporting web or fabric, preferably of paper or sheets of pulp material, coated with a wax composition which may include paraffin.

The Glyco publication discloses Flexo Wax C, which is specifically the material disclosed by appellant. It is stated in the publication that the wax "in thin layers on paper or cloth" will not flow even at temperatures higher than 65.5° C., is waterproof, non-crystalline, and possesses "high adhesive properties."

The examiner rejected all of the claims as being substantially met by the Glyco reference, and further as involving no invention over the patent to Ellis in view of the Glyco reference. Claims 4 and 5 were also rejected as being vague and indefinite because of the use of the trade name "Flexo Wax C-Light."

The board, in affirming the decision of the examiner, agreed with the reasons for rejection stated by him, but did not consider it necessary to discuss the rejection of the claims on the patent to Ellis in view of the Glyco publication.

It is admitted that the publication discloses paper and cloth as a base for the same coating material as that claimed. Therefore with respect to this rejection, in order to hold the claims patentable we would have to hold that the introductory

words "floor mat" or a coated surface which is "tacky, soft, rough, and adhesive," and retains the dust or dirt from the sole of a shoe while readily releasing it, render the claims patentable.

We think, contrary to the contention of appellant, that the words "A floor mat" are merely an introductory statement and can be given no weight in determining the patentability of the claims. The fact that it is so designated does not render the article described in the claims necessarily patentable. In article claims invention must be described in terms of structure and not those of intended use. We think this is in accord with the authorities. See In re Rockwell, 150 F.2d 560, 32 C.C.P.A., Patents, 1177, and cases therein cited.

It has not been shown that the coating has different properties by reason of its depth. There is nothing in the application suggesting a thickness in the coating, or suggesting that in order to attain the desired result any specific thickness must be used. It seems to us that the softness and tackiness in the waxy substance are inherent in the material rather than in the thickness of the coating, and it has not been explained why there should be a difference. In the Glyco publication nothing is said concerning the thickness of the coating. It is clear, we think, that that reference, in its suggested uses of the material which specifically includes "adhesive compounds," would teach the use made of it by appellant.

During the prosecution of the case in the Patent Office appellant filed an affidavit in which he stated that he had coated a thin layer of base material with Flexo Wax C "in accordance with usual waterproofing practice." He did not, however, mention what the actual thickness was, nor what the "usual practice" is. He concludes that dust will not stick to a thin coating, but does not show why it does adhere to a thick coating.

Both in the brief and oral argument on behalf of appellant, it was contended that it is impossible to define the critical point of thickness "below which the wax layer is inoperative and above which it operates successfully." This, seemingly would be a

confession that no one skilled in the art would be able to practice the invention upon the disclosure. It is trite to say that an invention to be patentable must be accurately defined. Here we find no such definition.

We are of opinion that the appealed claims define nothing that is not disclosed in the Glyco publication as fully and completely as in the involved application.

For the reasons above stated it is not necessary to consider the other grounds of rejection by the trubunals below.

The decision appealed from is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.