38 C.C.P.A.(Patents)

## In re LAURENT.
### Patent Appeals No. 5727.

United States Court of Customs and Patent Appeals.

Jan. 16, 1951.

Lester B. Clark and Ray L. Smith, Houston, Tex., (Gustave Miller, Washington, D.C., of counsel), for appellant.

E. L. Reynolds, Washington, D.C. (S. Wm. Cochran, Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiners in finally rejecting under the practice of dual prosecution claims 47, 48, and 49 of appellant's application for a patent on an improvement in a closure joint for effecting the sealing of an opening in a vessel or pipe line containing fluids under high pressure. Seventeen claims, 30 to 46, were allowed.

Claims 47 and 48 were rejected by the examiner of Division 52 as unpatentable over the following prior art: Bride 303,-615 August 19, 1884; Bullington 1,967,703 July 24, 1934.

Claim 49 was rejected by the examiner of Division 40 as unpatentable over the following prior art: Paxman et al. (Br.) 3,-

143 A.D. 1891; Reis 724,939 Apr. 7, 1903; Key 1,502,038 July 22, 1924.

The disclosure of the patent to Key was properly rejected by the board as not pertinent, and it will not be here considered.

The rejected claims read:

"47. A ring to be positioned between two differently tapered faces to provide a seal due to the relative movement of the member having the lesser taper and due to the pressure being exerted on such last member and the ring to form and maintain the seal comprising, a body, an inner base end and an outer end on said body, inner and outer peripheral faces joining the end and base, said peripheral faces being of different inclinations so that the base end is of a greater area for exposure to the pressure being sealed than said other end, said inner peripheral face being of less taper with respect to the base than said outer peripheral face.

"48. A ring comprising an annular body the cross section of which is a trapezoid having the base thereof for exposure to the pressure being sealed, the complete ring forming a frustum of a hollow right cone, defined by the base, sides and end, the inclination of the sides being such that the vertex of the inner cone surface is a greater distance from the base than the vertex of the outer cone surface, said base being of a greater area than said end to effect sealing of said ring due to pressure thereon, said ring being of a noncompressible but resilient material.

"49. In a sealing assembly for pressure vessels having a tapered opening, a closure member insertable through the opening, a seal ring for the opening which is insertable therethrough, cooperating tapered sealing faces on said closure and the inside of said ring, a shoulder on said closure member to abut said ring so that the pressure in the vessel against said closure forces said closure into said ring and said ring into the tapered opening."

The subject matter in issue involves a tapered opening in the pressure vessel for which the invention provides a closure. The sides of the opening converge from the inside of the vessel in an outward direction making an inwardly inclined wall of surface, the smallest dimension of which is adapted to be closed by the insertion of a tapered closure plug.

The plug likewise has an inclined peripheral surface of a lesser angle in the direction shown above and is provided on its largest outside diameter with a flange or shoulder as an integral part of the plug.

Interposed between the two inclined surfaces of the opening hereinbefore described is a circular non-plastic sealing ring which provides a seat for the plug. The ring has inner and outer walls corresponding in inclination to the respective surfaces which they contact.

Carried on the plug as an integral part thereof and extending outwardly therefrom is a threaded stem extending through the aperture in a cap member which is placed over the opening in the pressure vessel. Those elements are so formed that by tightening the nut on the stem, the plug will be drawn into place with the opening and the seal will thus be formed.

The basic reference in the rejection of claim 49, which was the first claim considered by the board, is the patent to Reis. That related to a combination of elements designed to provide an improvement whereby a perfectly tight joint between the metal cover and the metal of a boiler may be obtained without the aid of any ordinary packing. The written description in the application filed by Reis stated that: "The invention consists, essentially, in the use of a circular tapering cover of smaller diameter than the aperture to which it is applied, so as to enable it to be introduced from the exterior, in combination with a metallic conical and flexible ring which serves to fill the space between the edge of the cover and the edge of the aperture, the said ring being pressed into position in the aperture by the cover."

Appellant frankly admitted in his brief that Reis applied the same use of pressure as appellant has done to the top of the plug for creating the seal, and that the principal parts provided by appellant were also involved in the construction of Reis; namely, the container, the plug, and the sealing ring.

The examiner held, in effect, that the patent to Reis disclosed every feature of claim 49 except the shoulder on the plug to engage the sealing ring and force it into the tapered opening in the pressure vessel; that such a shoulder for such a purpose was clearly disclosed in a secondary reference by the patent to Paxman et al. for an improved joint for the cover of a pressure vessel having an opening in its wall; and that no invention on the part of appellant would be involved in providing the device of Reis with the shoulder disclosed by Paxman et al.

The board in affirming the rejection of claim 49 for the reason last stated correctly pointed out that: "The British patent to Paxman et al. shows in Figure 6 a vessel having an opening in its wall, the opening being tapered so as to converge toward the exterior of the vessel. A closure plug having a cylindrical surface is provided at its inner end with a shoulder which engages a flexible metallic sealing ring and forces it into the tapered opening. The greater the pressure against the plug in an outward direction, the greater will be the compression of the sealing ring."

The board admitted that neither Reis nor Paxman et al. singly disclosed the total combination defined by the limitations of claim 49 nor the specific angular relationships of the surfaces of the closure plug, the ring, and the closure therein defined. Single references may be combined, however, to negative patentability. In re Milne, 140 F.2d 1003, 31 C.C.P.A., Patents, 918; In re Brenn, 182 F.2d 187, 37 C.C.P. A., Patents, 1086.

There is no question that in Reis, as appellant urged, the plug is more tapered than the opening, which is the reverse of the structure claimed by appellant. However, the relationship of the particular sliding action of the surfaces of the elements of appellant's device are not defined by the limitations of claim 49, a fatal omission which the board in its decision pointed out in detail.

Appellant may not rely for patentability upon features disclosed by the written description in his specification and drawings which are not pointed out and clearly defined by the limitations of the claims. In re Custer, 173 F.2d 226, 36 C. C.P.A., Patents, 927.

Claims 47 and 48, drawn to the sealing ring, per se, in appellant's assembly, were likewise rejected as unpatentable over the cited prior art.

The patents to Bride and Bullington respectively disclose an improvement on sealing rings used for packing joints. Both references show rings with external and internal conical surfaces or sides, the vertex of the inner cone surface in the disclosure of each patent being a greater distance from the base than the vertex of the outer surface, as called for by the structure defined by claims 47 and 48. That Bullington's ring is of the split type, does not avoid the inclusion thereof in the broad language of the appealed claims.

The structural limitations set forth in the body of claim 47 define a complete and operative structure shown to be conventional by each of the disclosures of Bride and Bullington. Prior to the recitation of those limitations, claim 47 in an introductory clause calls for "A ring to be positioned between two differently tapered faces to provide a seal due to the relative movement of the member having the lesser taper and due to the pressure being exerted on such last member and the ring to form and maintain the seal."

A preamble or introductory clause of that nature, which merely states a purpose independently of the structure otherwise completely defined by the claim, does not constitute an additional limitation of the subject matter defined by the claim. In re Beplate, 77 F.2d 506, 22 C.C.P.A., Patents, 1232. An exception to that rule governs only when the preamble or introductory clause gives meaning and vitality to the remainder of the claim. In re Rockwell, 150 F.2d 560, 32 C.C.P.A., Patents, 1177. That is not the situation here.

The portion of claim 47 which follows the introductory clause is a sufficiently clear and self-contained description of structure so that the introductory clause, as a statement of the intended use or pur-

pose of the structure, *introduces no limitation into the claim* and hence cannot be relied upon to confer patentability upon it.

■ What is true of claim 47 with respect to the actual structure defined by the limitations recited in the body of the claim is likewise true of claim 48 with respect to the additional functional statement that the trapezoid called for by the claim is positioned "for exposure to the pressure being sealed." Functional statements set forth in a claim cannot be relied upon to endow the claim with patentable subject matter. General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402.

■ The claimed sealing ring is definitely an old element, and an old element in a new combination of old elements is not patentable apart from the combination. Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 340 U.S. 147, 71 S.Ct. 127.

■ There is no question that the structure disclosed in appellant's application differs in certain respects from the structure of the inventions disclosed by the patents of the prior art. The rejected claims have not been drawn in such a manner, however, as to clearly distinguish appellant's invention from other inventions or as to avoid a rejection on the art of record.

For the reasons hereinbefore stated, the decision of the Board of Appeals is affirmed.

Affirmed.