## ANDREWS et al. v. THUM et al.

### (Circuit Court of Appeals, First Circuit. February 21, 1895.)

### No. 89.

1. PATENTS—PLEADING AND PROOFS—APPEAL.
   A patent which was not set up in the answer, and was first introduced as evidence in the court below upon a motion for rehearing and to reopen the case, which motion was denied, cannot be considered by an appellate court.

2. SAME—WHAT CONSTITUTES INVENTION.
   To sustain a patent for a new article of manufacture, it is not sufficient that the patentee has produced a better and more merchantable article, but there must be something novel in the means employed in its production. Knapp v. Morss, 14 Sup. Ct. 31, 150 U. S. 221, followed.

3. SAME—FLY PAPER.
   There is no invention in placing two sheets of fly paper together, with their sticky surfaces face to face, although in this form they may be packed without folding, and may be readily separated for use. 53 Fed. 84, reversed.

4. SAME.
   There is no invention in surrounding a sheet of fly paper covered with a sticky composition with a margin of less adhesive material, for the purpose of preventing the sticky substance from running and spreading; it being already common, in the preparation of medicinal plasters, to spread upon a sheet of leather or paper a medicated composition, adhesive or otherwise, and surround it with a margin of more adhesive material, intended to secure the plaster upon the surface to which it is to be applied. 53 Fed. 84, reversed.

5. SAME—FLY PAPER.
   The Thum patents (Nos. 278,294 and 305,118), for patents relating to fly paper, held void, the former entirely, and the latter as to its third claim, for want of patentable invention. 53 Fed. 84, reversed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a bill by Otto and William Thum against John A. Andrews, William Y. Wadleigh, B. F. Bullard, and William A. Dole, trading under the name of John A. Andrews & Co., for alleged infringement of two patents relating to fly paper. The circuit court rendered a decree for complainants (53 Fed. 84), and defendants appealed. On June 23, 1894, a motion made by the appellees to dismiss the appeal was denied by this court. 12 C. C. A. 77, 64 Fed. 149. The case is now heard upon the merits.

John M. Perkins, for appellants.

Thomas J. Johnston, for appellees.

Before COLT, Circuit Judge, and WEBB and ALDRICH, District Judges.

COLT, Circuit Judge. Since the decision rendered June 23, 1894, denying the motion to dismiss this appeal, the objections to the validity of the appeal now urged by the appellees are not open, and the case comes before the court at this time for decision on its merits.

The Peck patent (No. 125,326), which is printed in the record, cannot be considered by the court, for the reason that it was not

set up in the answer, and was first introduced as evidence in the court below in support of a motion for rehearing and to reopen the case, which was denied.

This suit was brought for the infringement of letters patent No. 278,294, dated May 22, 1883, and of letters patent No. 305,118, dated September 16, 1884, both issued to Otto Thum. These patents relate to fly paper.

Patent No. 305,118 is for an improved method of applying the adhesive compound to the paper, by means of rollers, and for the improved article produced thereby. The suit is not pressed as to the first and second claims, which relate to the improved method, but only as to the third claim, for the product. This claim reads as follows:

"(3) As a new article of manufacture, the fly paper, with adhesive faces placed together, so as to be packed without folding, and adapted to be separated when ready for use, substantially as described."

We are unable to discover anything patentable in this claim, considered by itself, or apart from the mechanical means set forth in the patent by which the article is produced. There certainly can be no invention in placing two sheets of fly paper together, with their sticky surfaces face to face, although in this form they may be packed without folding, and may be readily separated for use. The invention, if any, in this patent, must reside in the mechanical means by which this was effected, and it is not shown that the defendants have made use of these means.

Patent No. 278,294 is for an improvement in fly paper, and contains a single claim, as follows:

"A sheet of fly paper partially covered with a sticky composition, the latter being surrounded with a band or margin of less, but still slightly, adhesive material."

The specification says:

"My invention relates to an improved method of making and packing sticky fly paper, and its object is to prevent the running and spreading of the adhesive coating under any circumstances, so that large quantities of the paper may be packed and transported without deterioration, and kept on hand. The invention consists in surrounding the adhesive coating with material of such a nature that it will adhere slightly to an adjoining sheet, but will separate readily for use, and when the sheets are in contact will prevent the adhesive coating from spreading."

The only new result which seems to have been accomplished by this method of making fly paper is the production of an article which can be packed in large quantities, and kept on hand without deterioration. It is undoubtedly true that this method produces a very merchantable article, but the question arises whether its adoption called for the exercise of invention, in view of what was old and well known. It is not contended that there was anything new in the adhesive substances themselves, or in the mechanical means by which they are applied; but the simple question is whether there was any invention in coating the body of a sheet of paper with an adhesive composition, and surrounding it with a border of less adhesive material. If the patentee had been the first to

apply two compositions, one of which was more adhesive than the other, or one of which was adhesive and the other not, to a single sheet of paper, and this accomplished a new and useful result, it might, perhaps, be said that it involved invention, in the eye of the patent law. But this can hardly be true if we find that substantially all this was old. In the preparation of medicinal plasters, it was common to spread upon a sheet of leather or paper a medicated composition, either slightly or not at all adhesive, and to surround it with a margin of more adhesive substance, intended to secure the plaster to the surface on which it was to be applied. Thus the use of two substances, the one slightly adhesive, and the other readily adhesive, upon the same sheet of leather or paper, was common long before the date of the patent. To apply this old method in the preparation of fly paper only called for the transposition of these materials. All the patentee did was to reverse the order, and put the less adhesive material on the outside or margin, and the more adhesive in the middle of the sheet. Such a rearrangement required no invention, but would suggest itself to any one skilled in the art. It is not sufficient that the patentee may have produced a better and more merchantable article, but there must have been something novel in the means which were employed in its production. What constitutes patentability, in this class of cases, is clearly expressed by the supreme court in the recent case of Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81. On page 228, 150 U. S., and page 81, 14 Sup. Ct., the court says:

"Tested by these authorities, the validity of the patent in question must be ascertained, not from a consideration of the purposes sought to be accomplished, but of the means pointed out for the attainment thereof; and if such means, adapted to effect the desired results, do not involve invention, they can derive no aid or support from the end which was sought to be secured. All that Hall did was to adapt the application of old devices to a new use, and this involved hardly more than mechanical skill, as was ruled in Aron v. Railway Co., 132 U. S. 85, 10 Sup. Ct. 24, where it was said: 'The same device employed by him [the patentee] existed in earlier patents. All that he did was to adapt them to the special purpose to which he contemplated their application, by making modifications which did not require invention, but only the exercise of ordinary mechanical skill, and his right to a patent must rest upon the novelty of the means he contrived to carry his idea into practical application.'"

For these reasons, patent No. 278,294, and the third claim of patent No. 305,118, must be held to be void, for want of patentable novelty. The decree of the circuit court is reversed, and the cause remanded, with directions to dismiss the bill, with costs.