## KIL–NOCK CO. v. CHICAGO PLATING CO. et· al.

(District Court, N. D. Illinois, E. D. February, 13, 1926.)

No. 4253.

**1. Patents ⬡⟹20, 26(2), 27(1).**

Combination of old elements, not producing new result, mere change in size or proportions of device, or its application to new use without substantial modification, is not patentable.

**2. Patents ⬡⟹51(1).**

What would infringe patent, if later, is anticipation, if earlier.

**3. Patents ⬡⟹54—Anticipation exists even if anticipatory device did not operate as perfectly as patent.**

Where prior device was in all essentials the device of patent, and it accomplished practical work and was put to ordinary use, it is anticipation, though it did not operate as perfectly as that of patent, and was not long kept in use.

**4. Patents ⬡⟹328—Rose reissue, No. 15,671, for improved automatic bearing bolt and attachments for internal combustion engines, held invalid, as nonpatentable.**

Rose reissue, No. 15,671, for improved automatic bearing bolt and attachments to take up wear on bearing, connecting crank shaft, and pitman in internal combustion engines, *held* invalid, as being for nonpatentable combination of old elements.

In Equity. Suit by the Kil-Nock Company against the Chicago Plating Company and others. Bill dismissed.

Sprinkle & Smith, of Chicago, Ill., for plaintiff.

Banning & Banning, of Chicago, Ill., for defendants.

LINDLEY, District Judge. Plaintiff alleges infringement of reissue patent No. 15,-671, granted February 12, 1924, to plaintiff, as assignee of the inventor, Rose. The defenses are invalidity and noninfringement.

The patent contains four claims, but claims 3 and 4 are clearly invalid, in view of the prior art, as disclosed by Hunt, No. 582,424. Claims 1 and 2 cover a device for an improved automatic bearing bolt and attachments, adapted for use in automatically taking up the wear on the bearing forming the connection between the crank shaft and the pitman, in an internal combustion engine. The invention may be used on any similar connection.

Claim 1 includes the following elements: (1) A device consisting of a threaded bolt, having an unthreaded portion at one end; (2) a sleeve, having an interiorly threaded bore, arranged to receive said bolt; (3) an adjustable washer, mounted on the unthreaded portion of said bolt; (4) a torsion spring, mounted on said sleeve, having one end connected to said sleeve, and the other end thereof connected to said washer; said sleeve extending substantially throughout all the coils of said spring, thereby supporting the coils thereof, and limiting the space occupied by said spring and sleeve.

Claim 2, which is a duplicate of the only claim of the original patent, No. 1,453,184, issued April 24, 1923, applied for March 21, 1921, covers a device having (1) a threaded bolt, having an opening extending transversely therethrough and adjacent to the outer end thereof; (2) a sleeve, having an interiorly threaded bore, arranged to receive the threaded bolt, and having also a radial flange on the peripheral wall thereof; (3) an adjustable washer, having radial grooves on the upper face thereof; (4) a torsion spring, arranged to lie concentric with said sleeve on said bolt, and engage said flange at one end and said washer at the other end; (5) a pin projected through the opening in said bolt, and arranged to engage the grooves in said washer, normally to prevent ·the rotation of the washer on the bolt.

In the original patent all claims tendered were rejected until present claim 2 was filed, wherein apparently the only practical change over the claims previously rejected was the addition of the peripheral flange on the sleeve. The rejections of the claims were upon various references, some of them, by statement of the Examiner, being mere aggregations of elements shown in prior patents, herein relied upon by defendant. In the reissue the patentee added present claim 1, including the provision that the sleeve should extend substantially through all the coils of the spring, thereby supporting the coils thereof and limiting the space occupied thereby. Other claims not involving said feature were rejected. In none of the references of the Patent Office, upon either application, was Hunt, No. 582,424, included. The Examiner seems not to have considered this patent, nor did counsel, at the trial, discover it until after the conclusion of the hearing, when by stipulation it was brought into the case as a prior art reference.

Upon a comparison of Hunt's patent with these two claims, it is apparent that Hunt included elements 1 and 2 of each claim; that he included, likewise, the torsion spring lying concentric to the sleeve, mentioned in each claim, and the pin projecting through the opening in the bolt, mentioned in claim

2, and that he attached one end of the torsion spring to the bolt. His patent discloses that he differentiated from Rose's later claims only in that he attached the outer end of the torsion spring to the cross-pin inserted through the outer end of the bolt, instead of to the washer held by the cross-pin as did Rose, and in that for Rose's washer he substituted a cap, through which the pin was inserted, thus interlocking one end of the cap, the pin, and the torsion spring.

In other words, Rose removed from Hunt's cap the cylindrical side thereof, and retained only the top, which he used as a washer, inserting the cross or cotter pin in a groove in the washer, instead of running it through a hole in the discarded side walls of the cap, and tied his spring to the washer held by the pin, instead of to the pin itself, thereby achieving an interlocking combination of washer or cap, spring, and cotter pin. It is very doubtful if the change which Rose made in Hunt in the respect mentioned constitutes invention. It would seem that any mechanic using Hunt would soon learn that the sides of the cap were unnecessary, and make use of the washer only, and fasten the wire thereto, locking the washer by means of the groove, through which the cotter pin was inserted.

But, if we assume that the improvement in this respect constitutes invention, there is another situation in the prior art, which is very material. Anderson, long prior to Rose's application, reduced to practice in use on his internal combustion engine at Geneseo, Ill., the device identified as Defendant's Exhibit 5, which included all necessary elements of Rose, except the sleeve and flange. Anderson used a threaded bolt, with an unthreaded portion at one end, with a transverse opening through this outer end, a sleeve, with an interiorly threaded bore to receive the bolt, an adjustable washer on the outer end, with a turned-up portion immediately surrounding the unthreaded end of the bolt, and a torsion spring, one end of which he tied to the sleeve, and the other end of which he tied to the washer. He then locked the washer to the bolt by means of a cotter pin, and used the combination as an adjustable bearing bolt. He did not have a peripheral flange on the sleeve. He did not put the torsion spring concentric with the sleeve, but he countersunk the sleeve, and placed the sleeve concentric with the torsion spring. The court does not believe that the mere reversal of the relative positions of the sleeve and spring, or the reverse form of the sleeve, constitutes invention on Rose's part over Anderson. But if we concede that either such reversal was novelty, as between Rose and Anderson, it was merely an adaptation of Hunt in that respect.

It is contended that the provision that the sleeve should extend substantially through all the coils of the torsion spring is a distinguishing feature. But the word "substantially" must have been used here as a relative term. The length of the sleeve must be in each device a definite fixed quantity. It cannot shorten or lengthen. The spring, however, is of ever-changing length, depending upon the degree to which it is extended. Consequently the sleeve could not extend throughout all the coils of the spring under all degrees of extension of the latter, even though it did so extend through the spring when the latter was in an unextended condition. Hunt did the same thing as Rose in this connection; his drawings so disclose. Whatever of novelty exists in this element was plainly disclosed by Hunt.

Anderson's device may have been somewhat bulky, but there is no reason why it should not be made more compact, and applied to the same use and application as the device of Rose. Rose, with Hunt and Anderson before him, adopted the threaded bolt of each, the unthreaded portion thereof from Anderson, the torsion spring from both, the method of each of them in attaching it to the sleeve, the cotter pin of both, and the washer of Anderson, with unimportant modification. He reversed the relative positions of the spring and sleeve in Anderson, and adopted the position used by Hunt. He achieved no new result.

[1] Whether in fact Rose did surreptitiously take from Anderson's shop the companion of Defendant's Exhibit 5, as contended by the defendant, it is evident that he made use of Anderson's device, and modified it only by relative position of the spring and sleeve. In Richards v. Chase, 15 S. Ct. 831, 158 U. S. 299, 39 L. Ed. 991, it is said that, unless the combination accomplishes some new result, the mere multiplicity of elements does not make it patentable. So long as each element performs some old and well-known function, the result is not a patentable combination, but an aggregation of elements. Indeed, the multiplicity of elements may go on indefinitely without creating a patentable combination, unless by their collocation a new result was produced. The mere carrying forward or extending the application of a prior device with a change only in degree does not

amount to invention. Smith v. Nichols (1874) 21 Wall. 112, 22 L. Ed. 566; Roberts v. Ryer (1875) 91 U. S. 150, 23 L. Ed. 267.

Nor is there invention in changing the size and proportions of a device or machine, as long as the construction and mode of operation remain the same. Day v. Bankers' & Brokers' Tel. Co. (C. C. 1872) Fed. Cas. No. 3,672. The application of an old machine, combination, or device, without substantial modification, to a new use, is not invention or patentable. Hotchkiss v. Greenwood (1850) 52 U. S. (11 How.) 248, 13 L. Ed. 683. The application of an old process or machine to a similar or analogous subject, with no change in the manner of applying it, and no result substantially distinct in its nature, will not sustain a patent, even if the new form of result has not before been contemplated. Brown v. Piper (1875) 91 U. S. 37, 41, 23 L. Ed. 200; Pennsylvania R. Co. v. Locomotive Engine Safety Truck Co. (1884) 4 S. Ct. 220, 110 U. S. 490, 28 L. Ed. 222. See, also, Milligan & Higgins Glue Co. v. Upton (1877) 97 U. S. 3, 24 L. Ed. 985; Andrews v. Thum (1895) 67 F. 911, 15 C. C. A. 67.

[2] Another well-known rule, applying here with peculiar force, is that "a proper test of the validity of a patent is in the application of the rule that what would infringe, if later, is anticipation, if earlier." Knapp v. Morss (1893) 14 S. Ct. 81, 150 U. S. 221, 37 L. Ed. 1059; Peters v. Active Mfg. Co. (C. C. 1884) 21 F. 319. In the opinion of the court, if Anderson and Hunt had been later than Rose, each would have infringed.

[3] The mere fact that neither device operated as perfectly as the patent does not alter this conclusion. When it clearly appears that a prior device is in all essentials the device of the patent, and in fact accomplished practical work and was put to ordinary use, anticipation is made out, though the anticipatory device did not operate as perfectly as that of the patent, and was not long kept in use. Brush v. Condit (1889) 10 S. Ct. 1, 132 U. S. 39, 33 L. Ed. 251; Id. (C. C. 1884) 20 F. 826.

The other references upon prior art— Whitman, 228,964; Seaberg, 1,192,322; Sheldrup et al., 1,226,603—are pertinent; each discloses elements adopted by Rose.

[4] It is apparent that, in his combination, Rose achieved no new result, that his device is a mere aggregation of old elements, not a patentable combination, and the plaintiff's bill must be dismissed for want of equity, at plaintiff's costs.