## In re WILLIAMS.

Court of Customs and Patent Appeals.
December 30, 1929.

Patent Appeal No. 2141.

A. Miller Belfield, of Chicago, Ill., and C. T. Milans, of Washington, D. C. (Milans & Milans, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. Paul F. Williams, the appellant, filed his claim in the Patent Office on January 8, 1921, for a patent on improvements in connectors for electrical conductors. The claims involved in this proceeding are numbered 11, 12, 13, 19, 20, and 21. Claims 11, 12, and 13 were rejected by the Examiner by reference to a patent to the appellant, Williams, No. 1,228,156, dated May 29, 1917, and claims 19, 20, and 21, on a patent to Wyman, No. 1,441,193, dated January 2, 1923. The Board of Appeals affirmed this decision, and the applicant has appealed.

The disputed claims are as follows:

"11. In a device of the class specified, plug and socket terminals and an arcing ring detachably mounted at the open end of the socket terminal.

"12. In a device of the class specified, the combination of a tubular insulator and a cap therefor, a socket terminal carried by the tubular insulator, a plug terminal carried by the cap and an arcing ring detachably mounted at the open end of the socket terminal.

"13. In a device of the class specified, the combination of a tubular insulator and a cap therefor, a socket terminal carried by the tubular insulator, a plug terminal carried by the cap and an arcing ring having threaded connection with the open end of the socket terminal."

"19. A device of the class specified having separable terminals each of which has a detachable and replaceable arcing member.

"20. In a device of the class specified a plug member having a detachable contact member and a socket member having a detachable arcing ring for preventing arcing on said socket member.

"21. In a view of the class specified a connector having an elongated central recess, a plug member for contacting within said recess, said plug member having a removable outer contact member, and said connector having a removable shouldered annular member forming the exposed end of said connector."

The device which the appellant claims to have improved is that form of electrical conductor which is ordinarily known as a pot-

head conductor. In this device, which is intended to make an adjustable connection between a cable and an overhead conductor, two members are provided, both made of some sort of nonconducting material, such as porcelain, one substantially tubular in form and the other a cap adapted to fit over and upon the upper end of the tubular member. The tubular member contains a metallic socket, while the cap member contains a metallic pin or plug adapted to be inserted into the aforesaid socket. The said socket is connected by suitable devices to the cable, while the plug is likewise connected to the overhead conductor. When the two are in contact, an electrical connection is made.

The claimed novelty in appellant's device, as set out in said claims 11, 12, and 13, is a metallic ring surrounding the end of the metallic socket in the tubular member, and which is claimed to be so inserted for the purpose of constituting an arcing ring. It is small and removable, and it is claimed receives whatever burning or damaging effect there may be by the spark caused by the separation of the plug and socket. The specifications disclose that this arcing ring is attached to the socket member. These specifications are as follows:

"Another ring or member 25 is preferably placed upon the top of the threaded end 20, said member 25 being also screw threaded so that it may be screwed down on the top of the portion 20 and being also provided with an inwardly extending flange 26 adapted to fit down on the top of the portion 20. This ring or member 25 serves as a removable end or portion of the member 5, and so receives whatever burning or damaging effect there may be by the spark caused by the separation of the terminals 9 and 5. Being removable, the ring 25, which may be called the 'arcing' ring, may be removed when worn or burnt out and another one may be put in its place. The arcing ring 26 is preferably provided with convenient means for turning it to put it in its proper place and remove it therefrom, as for example by providing its top flange with apertures 27–27, in which the prongs or pins of a wrench may be inserted."

The Examiner and the Board of Appeals both held that all these principles and elements were fully disclosed in the reference patent to Williams.

We have examined the Williams reference with care. There is considerable doubt, induced by the lack of clearness in the drawings and ambiguity of the specifications in the reference, as to the exact structure of the device therein described. The specifications are, in part, as follows:

"Referring to Fig. 4. I have shown an individual device involving a disconnecting arrangement. The body part 12 contains a socket member 47, into the lower end of which the bared end 23b of the cable conductor is inserted. This member 47 has a socket 48 into which a plug member 49 is introduced and held by screws 26b–26b, passing through the upper end of the insulating tube or member 12. The plug member 49 is hollow or cylindrical having a collar 50 at its upper end fitting against the upper end of the socket member 47. A plug connecting device 51 has a reduced end portion 52 which fits into the member 49. * * * *"

From the mere reading of these specifications it would appear that the member 49 of the reference, and which bears the cylindrical collar 50, might be considered as a plug which is withdrawn when the electrical connection is broken. The Examiner, however, and the Board of Appeals, both consider it as a bushing which is left in place in the socket on the withdrawal of the plug, leaving the collar 50 in place around the opening in the socket terminal. The appellant insists in his brief and argument that there are typographical errors in the specifications filed in the matter of said reference patent, and that, by reading certain language into these specifications, it will be found that the member 49 of the reference patent is not a bushing but a removable plug, and that the collar member 50 of the reference patent is attached to the base of the plug in the plug terminal. We are not permitted to thus enlarge the specifications which have been filed, and which have been made the basis of the issuance of the patent in question. In measuring the claims of the appellant here by the reference patent, the latter must be taken with its claims, drawings, and specifications, as they appear of record.

It is apparent that appellant's position in this respect differs here from that taken by him in the Patent Office. In his petition for rehearing, filed with the Board of Appeals, he states "the part 49 is merely a lining for the terminal 37." Again he refers to it in this petition as "the whole lining of the socket recess." Further he states, "in the second place the part 49 is not mounted at the open end of the socket terminal; instead the part 49 is a sleeve and it extends the whole length of the socket terminal and not merely at the open end thereof." Further expressions of the same kind are used to the extent that it is apparent that appellant considered part

*49* to be a bushing or sleeve, bearing at its upper extremity, and at the orifice of the socket terminal, a brass collar extending outward over the edge of the socket member *48*. This bushing *49* is removable, this being apparent from the specifications referred to, wherein it is stated that it is held in place by screws. It is also equally obvious that, if member *49* was the removable plug member, it would not be held in place with set screws, as we have seen it is.

It is argued by appellant that the ring or member *25*, shown in his present application, serves as a removable end or portion of the socket member, and receives whatever burning or damaging effect there may be by the spark caused by the separation of the plug and socket terminals; that this is a comparatively cheap and inexpensive appliance which performs a useful function, in protecting the expensive socket member from burning and injury. We are unable to see any material difference in this respect between the structure and function of appellant's member *25* and the bushing member *49* of the reference patent. It is true the member *25* is attached to the upper portion of the socket member and extends downwardly upon the exterior and not upon the interior portion thereof, as does member *49* of the reference patent. Their functions, however, and structure, are apparently the same. We agree with the tribunals in the Patent Office that there is no novelty in the claim and that the reference patent was properly cited in support of the refusal of claims 11, 12, and 13.

There is no invention in changing the size and proportion of a device or machine so long as the construction and mode of operation remain the same. Kil-Nock Co. v. Chicago Plating Co. (D. C.) 10 F.(2d) 536; Westinghouse Electric & Mfg. Co. v. Pittsburgh Transformer Co. (D. C.) 10 F.(2d) 593; Linde Air Products Co. v. Morse Dry Dock Co. (D. C.) 239 F. 909–917. It is a settled principle of law that a mere carrying forward of an original patented conception involving only change of form, proportions, or degree, or the substitution of equivalents doing the same thing as the original invention, by substantially the same means, is not such an invention as will sustain a patent, even though the changes of the kind may produce better results than prior inventions. In re Iwan, 17 App. D. C. 566; In re Marshutz, 13 App. D. C. 228; Smith v. Nichols, 21 Wall. 112, 119, 22 L. Ed. 566.

Claims 19, 20, and 21 were rejected on Wyman. These claims are based upon the principle of terminals; each having a detachable and replaceable arcing member. The Patent Office has concluded that Wyman shows this. On inspection we agree with the Office in this respect. While the arcing member *21* in the Wyman patent is not located at the end of the plug connection, nevertheless it is quite plainly apparent that it is detachable and can be removed without injury to the balance of the plug member. Its location is not particularly involved, so far as the claims are concerned. All these claims rest upon is that each terminal shall have a detachable and replaceable arcing member. These objects we think were accomplished in the Wyman reference.

We therefore conclude that the decision of the Board of Appeals as to all the claims should be affirmed. This will be the order.

Affirmed.