## In re BENNETT.
### Patent Appeal No. 2319.

Court of Customs and Patent Appeals.
May 26, 1930.

Frank E. Liverance, Jr., of Grand Rapids, Mich., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant filed his application, serial No. 30,927, on May 18, 1925, for a claimed improvement in grease containers. The device consists of a metal receptacle, oval or elliptical at the upper end, with downwardly and inwardly extending sides, the top being fitted with a cover with two openings, one for the admission of grease and the other to receive a grease pump which extends downward into the receptacle on one side thereof. There is also a handle attached to the cover, by means of which the grease container may be easily carried by the mechanic or person using it.

Six claims were filed, all of which were rejected by the examiner. Five were appealed, namely, claims 1, 2, 3, 4, and 5. The Board of Appeals allowed claims 4 and 5, claims resting largely on certain braces provided for the pump, and the handle attached to said braces, and affirmed the examiner's action as to claims 1, 2, and 3. In doing so the references relied on are: Roberts, 512,-220, Jan. 2, 1894; Maddocks, 654,117, July 17, 1900.

The reference Roberts shows a cylindrical, portable oil receptacle, with vertical sides, having a cover with two openings, one to fill the receptacle and the other to receive a pump which is fitted therein. Appellant does not deny that Roberts is a complete anticipation of a portable container with a pump, but does contend that the filling opening shown by Roberts is too small for the reception of grease intended to be carried in appellant's device. To provide a larger size for this opening is certainly not patentable. Linville v. Milberger (C. C. A.) 34 F.(2d) 386; In re Williams (Cust. & Pat. App.) 36 F.(2d) 436.

The principal insistence of the claimant, however, is upon the shape of his receptacle. He admits that the reference Maddocks shows a coal bucket with an oval or elliptical top and with downwardly, inwardly extending sides. He also states:

"This shape of coal bucket was unquestionably old long before the time of Maddocks. In fact, the same shape of bucket was used for milk pails undoubtedly before the time of birth of anyone now living."

However, he contends his combination of the old shape with a grease pump is a new combination, and patentable. We hardly think so. What new concept is there here? The basic idea was born in the mind of the one who first conceived the thought that an oval topped pail, bigger at the top than the bottom, would not strike the legs so easily while being carried, and yet would have the necessary capacity. That mental concept, as appellant's counsel has admitted, was born years before the automobile was invented. There is no invention in using a coal bucket to carry grease. It is simply the adaptation of an old device to another use. It is much like the case of a farmer who is having difficulty in pouring grain into sacks; he finds by the use of his oval topped milk pail he can accomplish this with more ease and greater celerity. He has, however, not invented a new device for sacking grain. He has simply used his reasoning powers.

The denial of this patent is supported by ample authority. Railroad Sup. Co. v. Elyria I. & S. Co., 244 U. S. 285, 37 S. Ct. 502, 61 L. Ed. 1136; In re Iwan, 17 App. D. C. 566; In re Pein, 41 App. D. C. 586; Babcock & Wilcox Co. v. Toledo, etc., Co. (C. C. A.) 170 F. 81; Hinrichs v. Henderson (C. C. A.) 32 F.(2d) 655; In re Travis (Cust. & Pat. App.) 35 F.(2d) 63.

The decision of the Board of Appeals is affirmed.

Affirmed.