128

36 C.C.P.A. (Patents)
**Application of FIELD.**
**Patent Appeal No. 5576.**

United States Court of Customs
and Patent Appeals.
April 12, 1949.

JACKSON, Judge.

Appellant appeals from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner, finally rejecting all of the claims, 17, 19 to 21, inclusive, and 23 to 27, inclusive, of an application for a patent, serial No. 504,774, filed October 2, 1943, alleging "Improvements in or relating to the production of screened positive or negative photographic plates," as unpatentable over the following prior art:

Penrose et al. (Br.), 282,253, December 22, 1927. Half Tone Stops, by J. S. Mertle in The American Photoengraver, September 1929, Pages 937 to 951.

Claim 17 is considered illustrative of the involved subject matter and reads as follows: "17. For the production of screened photographic plates, a method which includes the step of making exposures of the object to be photographed simultaneously through a segmented stop and through a non-circular stop."

All of the other claims are based upon the disclosure of claim 17.

The claimed invention has reference to the producing of screened photographic plates for use in photo-mechanical printing processes by a method using various combinations of shapes in photographic stops. The application discloses five different shapes, but the involved claims are directed to the simultaneous use of different stops and not to the separate use of any one.

For the reason that there is nothing in the drawings to illustrate the simultaneous use of the stops, it seems reasonable to assume, as was done by the tribunals below, that the different individual stops are superimposed one upon another so as in effect to form a single designed stop which is a composite of the individual designs.

Counsel for appellant in his brief makes the statement that if claim 17 be found patentable, the others would likewise be patentable. There is no substantial con-

tention, however, that any of the claims contains limitations rendering them patentable apart from claim 17, should it be held unpatentable. All of the claims, therefore, stand or fall together.

The patent to Penrose et al. relates to improvements in stops used in the production of screened photographic plates. There are disclosed in the drawings stops containing cut-out designs of different kinds and means for adjusting or varying the shape of the stops during exposure.

The Publication reference is quite extensive in treating the subject of photographic stops and a large number of different forms used by workers in the art is illustrated. The use of different stops in combination is clearly disclosed.

All of the claims were rejected by the Primary Examiner as unpatentable over the Penrose et al. patent or the publication. The Board of Appeals affirmed the holding of the examiner and further held that claims 25 and 27 were unpatentable on the ground of insufficient disclosure.

It is clear from an examination of claim 17 that the method defined therein depends for its novelty upon the use of the word "simultaneously" as modifying the word "photographed." As interpreted by appellant, the claim means that the method set out requires a single exposure made simultaneously and in combination with two stops; i. e., a "segmented stop" and a "non-circular stop."

It is the contention of counsel for appellant that the references do not teach simultaneous function by a plurality of stops, but on the contrary the use of different stops successively or sequentially.

In the decision of the board, it is stated that both the references disclose the use of more than one stop simultaneously, but the board specifically held that there was no reversible error in the rejection for the reasons given by the examiner as to all of the claims, except claim 25. With respect to that claim together with claims 26 and 27, the board stated it failed to find any specific discussion in the examiner's statement with respect to limitations in those claims providing for moving the stop in its own plane during the course of the exposure, as called for in claim 25; the limitation in claim 26 wherein stops reproduced photographically on a transparent film are employed; and the limitation in claim 27 specifying that the stops have the edge of the aperture graduated in density between opacity and complete transparency.

In the reply brief of the examiner, he stated that in his opinion it was patentably immaterial whether the stops of the references were employed successively or simultaneously, and in this connection he stated as follows:

"* * * Applicant throughout the prosecution of the application argued that the reference failed to show the use of the plurality of stops in combination and never that the references failed to disclose simultaneous exposure through a plurality of stops and that is the reason the examiner referred to the specific lines in page 942. [of the Mertle publication reference.]

"In fact applicant's claims until amended as [sic] the time the appeal was filed claimed successive exposure as well as simultaneous exposure and made no distinction whatever between them."

It is clear that the references teach the use of different stops successively. That is not disputed. In appellant's application, however, there are many references to the use of successive exposures and it would seem, as pointed out by the solicitor, that "the inventive concept emphasized therein was the use of segmented stops rather than circular or square stops."

It appears to us that up until the time of filing the appeal to the board, appellant did not distinguish between successive and simultaneous exposures, as was stated by the examiner, and hereinabove noted. We think, therefore, that appellant may not now urge criticality or inventiveness by reason of the limitations in the claims of "simultaneous exposure" when, as admitted, the prior art clearly shows successive exposures. There is no showing or teaching of criticalness, with respect to simultaneous exposure, in appellant's original disclosure. It must be concluded, therefore, that successive and simultaneous exposures are

equivalents. In re Lobdell, 167 F.2d 634, 35 C.C.P.A., Patents, 1091; In re Withington, 104 F.2d 192, 26 C.C.P.A., Patents, 1290.

In view of what has been said it is immaterial whether or not the references disclose simultaneous exposure because the involved claims, which are so limited, do not define patentable subject matter over the references.

With respect to claim 25, which provides for the moving of one of the stops in its own plane, the board held that such limitation presented no patentable novelty in view of the British patent disclosing that feature. In that connection, the board stated that the particular design of the movable stop is not of patentable significance. In holding the claim unpatentable by reason of insufficient disclosure, the board properly stated, as we see it, that the drawings failed to disclose any mechanism for carrying out that step, and, therefore, it is not clear how it may be accomplished.

As to claim 26, which provides for the limitation wherein movement of the segmented stop in its own plane is made during the course of the exposure, the board was of opinion, in which we concur, that in so far as the method of the basic claim 17 is concerned it is immaterial how the stops are made for use in combination. The board, however, as hereinbefore stated by us, affirmed the reason given by the examiner for rejecting that claim on the prior art.

Claim 27 includes the limitation "having the edge of the aperture graduated in density between opacity and complete transparency." We cannot determine any more clearly than did the tribunals of the Patent Office how, from the illustrations, the edge of the aperture may be so graduated. The only statement to be found in the application relating to that limitation is that "the section of the apertures may be made to vary in density between opacity and complete transparency, * * *." The application defines the word "aperture" as comprising the complete opening in its various forms in the opaque stops. That limitation, therefore, may not properly be held to lend patentability to claim 27 because of lack of clear disclosure.

It seems to us that the only thing that would be accomplished by superimposing stops having openings of different designs would be in effect to have a single stop, the opening of which would be different in design than either of the two stops imposed one upon the other.

For the reasons hereinbefore set out, the decision of the board is affirmed.

Affirmed.