38 C.C.P.A.(Patents)

In re ZABEL et al.
Patent Appeals No. 5720.

United States Court of Customs and Patent Appeals.
Jan. 16, 1951.

736

Clarence E. Threedy, Chicago, Ill., for appellants.

E. L. Reynolds, Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

WORLEY, Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner, rejecting as unpatentable over the prior art claims 3, 6, and 7 of appellants' application, Serial No. 599,230, filed June 13, 1945, for a patent relating to a "Method of Forming A Utensil." No claims were allowed. The involved claims read as follows:

"3. The method of attaching a strainer plate to a thermoplastic bowl portion of a strainer and of maintaining the shape of said strainer plate in a preformed shape during the molding of the bowl portion, which consists in shaping the strainer plate to provide an annular ring-like portion with an outwardly flaring peripheral portion, swaging said peripheral portion, and then embedding said peripheral portion in the thermoplastic material forming the bowl portion of said strainer, during the molding operation of the bowl.

"6. The method of forming a utensil which consists in uniting a foraminated strainer wall and a thermoplastic bowl by embedding in the bowl during the molding operation thereof an outwardly flaring peripheral edge portion of the strainer wall, and swaging said peripheral edge portion prior to said embedding to maintain the shape of said strainer wall during and after the molding operation.

"7. The method of forming a utensil which consists in uniting a foraminated strainer wall and a thermoplastic bowl by embedding in the bowl during the molding operation thereof an outwardly extending peripheral edge portion of the strainer wall."

The reference relied upon is: Williams 2,241,229 May 6, 1941.

Both the reference and the involved application relate to methods of making, from a combination of thermoplastic and metal materials, what appears to be an ordinary kitchen strainer.

The method of appellants discloses the production of a utensil whereby a metal strainer is attached to a thermoplastic bowl. The strainer wall is formed integrally with the bowl or frame portion by means of a single molding operation.

In Williams, the plastic rim and handle unit is preformed, and at that step looks not unlike a stringless tennis racket. The wire mesh strainer portion, which is shaped like a bowl or cup, has its rim doubled back upon itself. The doubled back portion is placed in a groove in the annular or ring-like part of the preformed handle, said groove being in the under side of the rim. After the two parts of the device have been thus assembled, a heated tool is introduced, forcing the rim of the strainer portion to the bottom of the groove. The tool action also forces the lip of the strainer portion outwardly to the wall of the groove. The wall of the groove is rendered soft by the heat emanating from the tool, so that the mesh of the screen lip becomes embedded in the ring. The ring is then subjected to a softening heat, and a compressing tool is brought to bear on the outer wall of the rim so that the article becomes a unitary structure.

In their brief, counsel for appellants attempt to distinguish their method from that of the prior art by the following language: "The strainer wall is shaped to provide the outwardly extending peripheral edge portion, and this edge portion is then embedded in the thermoplastic material forming the bowl, during the molding operation of the bowl." The Williams method involves three molding operations: the original molding of the handle and rim, the embedding of the strainer rim into the plastic rim, and the sealing of the groove in the plastic rim; whereas the appellants have only one.

The products of the two methods appear to be similar, except that in Williams the strainer bowl is principally of metal, while appellants' application shows a strainer

bowl principally of plastic, the metal strainer portion closing the bottom of the bowl. Appellants contend that their method is an "advancement over the Williams disclosure and constitutes invention thereover."

The Primary Examiner held that the appealed claims were "unpatentable over Williams."

Appellants, before the Board of Appeals, objected to the Williams reference because of the difference in the relative sizes of the plastic and metal portions produced by each method. The board held, however, that such difference is merely a matter of degree and with that holding we are in complete accord. Surely the difference in the size of the plastic portion of appellants' structure cannot reasonably be considered to be different in kind from the size of the plastic portion of the Williams structure.

■ Counsel for appellants contend that the involved claims should be allowed for the reason that in the Williams structure the screen portion, or metal bowl, "is not shaped to provide an annular ring-like portion with an outwardly flaring peripheral portion." Since "annula·" means "having the form of a ring," ar ʌ both disclosures can be said to have an "annular ring-like portion," they are not differentiated on that ground. The question then is, does the annular portion in Williams have an "outwardly flaring peripheral portion"? The board held that when the heated tool spread the turned-over portion in melting it into the inner sides of the groove, that such portion could be said to be "outwardly flaring" within the meaning of the claims. Although in appellants' application the peripheral portion is flared *before* the molding process, there is no limitation in the claims which prevents that portion from being flared outwardly *just before* it is embedded in the plastic, or *as* it is being embedded. Furthermore, even if Williams did not show such flaring, it seems to be a difference of form only, which is not a patentable distinction. See In re Bennett, 40 F.2d 755, 17 C.C.P.A., Patents, 1113.

The third argument advanced on behalf of appellants is that "Williams does not suggest the step of swaging the peripheral edge portion of the metal strainer bowl for the purpose stated in the appealed claims, namely, that of crimping the wire mesh to maintain the shape of the strainer plate during the molding operation." (Diagram numbers omitted.)

■ The Board of Appeals found that the bending over of the rim of Williams' metal strainer bowl and the subsequent wedging of it outwardly by the heated tool constituted a "swaging action." We do not believe it necessary to consider whether this is strictly a swaging action, because even if it is not, it is obviously a mechanical equivalent of swaging, and, therefore, not a patentable difference. See In re Williams, 36 F.2d 436, 17 C.C.P.A., Patents, 718; In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823; In re Field, 174 F.2d 128, 36 C.C.P.A., Patents, 1035. It seems obvious that the bending over of the wire mesh bowl at the rim, in Williams, and its subsequent embedding in the plastic ring, would result in maintaining "the shape of said strainer wall during and after the molding operation." In view of the foregoing, we do not see how we can agree with the third argument of appellants.

Appellants' final contention is that an inventive difference is present between "the embedding of this outwardly flaring swaged peripheral portion in the thermoplastic material from which is formed the plastic bowl portion of the strainer *during the molding operation of the bowl*" (Italics quoted), and the embedding by Williams *after* the molding of the bowl. The board held that all of the appellants' claims read on the Williams process save for the expression "during the molding operation," and it interpreted that expression to refer only to the original molding operation of the bowl and handle of the utensil. The board concluded, and properly so, that "the two methods are obvious equivalents," and that appellants' method "is an obvious one and devoid of invention in our opinion."

■ The generally accepted rule by which invention is determined is whether one skilled in a particular art, in view of

the prior art, could be expected to devise a given method or produce a given article. Although we think the method advanced by appellants might well result in a saving of time, that of itself does not necessarily involve invention. On the contrary, although the method advanced by appellants eliminates or consolidates some of the steps of Williams, we believe such elimination or consolidation is within the skill of the art.

For the reasons hereinbefore stated the decision of the Board of Appeals is affirmed.

Affirmed.