41 C.C.P.A.(Patents)

**Application of WEISKOPF.**

**Patent Appeals No. 5992.**

United States Court of Customs and
Patent Appeals.
Feb. 3, 1954.

Harry Cohen and Edwin Levisohn, New York City (Harold I. Kaplan, New York City, of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY, and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the final rejection by the Primary Examiner of claims 5, 6, and 8 of appellant's application for a patent on new and useful improvements relating to a method of preparing histologic tissues for microscopic examination. No claim was considered allowable either by the examiner or the board, in view of the disclosure of appellant's prior patent, the patent to Weiskopf, No. 2,393,580, granted January 22, 1946.

Claims 5 and 6 are representative:

"5. In the preparation of tissue for microscopic examination according to which the tissue is immersed successively in a plurality of liquid agents for fixing, dehydrating and infiltrating the same, the method which comprises positioning the tissue vertically in each of said liquids, and turning the tissue alternately in opposite directions at a speed of from about one to about ten oscillations per minute about a vertical axis for a period of at least several minutes while the tissue is immersed in the liquid.

"6. In the preparation of tissue for microscopic examination according to which the tissue is treated with a liquid agent for fixing the same, the method which comprises immersing the tissue in said liquid fixing agent in vertical position and

at a speed of from one to ten oscillations per minute turning the tissue alternately in opposite directions about a vertical axis in said liquid."

The claimed improvement for which appellant seeks this additional patent may be readily understood by a comparison of the disclosure in his prior patent with appellant's specification in the case at bar,[1] wherein it is stated:

"According to the method disclosed in my United States Patent No. 2,393,580 granted January 22, 1946 for Method of Preparing Tissue, the tissue is turned while immersed in the several liquid agents, including the infiltrating and staining agents, thereby shortening the immersion periods previously required and obtaining better sections or slides.

"In accordance with my present invention and pursuant to the primary object thereof, the required periods of immersion are each further decreased. Briefly stated, this important result is accomplished by moving the tissue alternately in opposite directions while immersed in the several liquid agents, respectively. I attribute the improved action to the increased relative movement between the tissue and the liquid in which it is immersed, the increased relative movement serving to accelerate the penetration of the liquid agent into the tissue."

Appellant's patent included a showing that the fixation treatment of the tissue was reduced from about two days, ordinarily required by certain methods of the prior art, to a fixation which "can be accomplished in accordance with the present invention in from 15 minutes to four hours depending upon the nature of

the tissue, the size of the specimen, and the preference of the pathologist under whose direction the tissue is prepared."

Appellant relies upon a showing here, asserted to be patentably distinct over the disclosure of his patent, that the required periods of immersion of the tissue in the several liquid agents are further decreased from four or five hours to three and one-half hours. How the claimed improvement was brought about is thus described in two excerpts from the brief of counsel for appellant, who emphasized therein the words *"same"* and "oscillated":

"It should be observed therefore, at the outset, that as described in his patent the method initially suggested by applicant involved turning the tissue continuously in the *same* direction while the tissue is immersed in the several liquids respectively.

\*     \*     \*     \*

"More specifically, applicant has discovered that if the tissue is *oscillated* in the liquid while immersed therein, i. e. if the direction of movement is periodically changed, increased penetration of the tissue is obtained in a given length of time and less time is required for the desired thorough penetration of the tissue by the fixative and other reagents."

In the letter of the Primary Examiner with respect to the denial of appellant's motion for reconsideration, the examiner noted, among other stated reasons, that in the case at bar the accelerated penetration of the liquid agent into the immersed tissue, if any, was due to the slight increase in the agitation or manipulation of the immersed tissue defined by the appealed claims. This accomplish-

---

[1] The Solicitor for the Patent Office briefly describes the subject matter common to both application, relative to the basic preparation of the histologic tissue:

" \* \* \* The preparatory operations involve immersion of the tissue in a series of liquid agents for certain periods of time, first to fix the tissue, then to wash to remove the fixative, then to dehydrate the tissue, then to clarify, then to infiltrate with materials, such as paraffin, celloidin, etc. Then the tissue is cut into sections of the desired thickness, then treated to remove the paraffin or other infiltrating material, and finally stained and mounted on slides."

ment, he held, represents no more than an expected result, because the purpose of the agitation is to facilitate the penetration, and the application of such an expedient by oscillation to the method previously patented to appellant was obvious and without patentable merit. In support of his final rejection, the examiner further stated:

"Claims 5, 6 and 8 are again rejected as drawn to an arbitrary, and/or uninventive step not rising to the dignity of invention in view of Weiskopf 2,393,580 who shows all of applicant's process except the changes in direction of rotation. This type of agitation is widely known and highly prevalent in the agitator type of washing machine.

\*　　\*　　\*　　\*

"Regardless of the showing of the superiority, even if it does exist, the terminology of the patent is generic to any kind of rotation and may well read on applicant's oscillatory motion. Oscillatory motions as a means of agitation is so well known that no authority or reference is seen as necessary to show it."

The sole rejection before this court is the final holding by the tribunals of the Patent Office that the appealed claims are not patentable over the disclosure of appellant's patent. It is conceded that the only distinction between the patent disclosures and that of the present application resides in the manner of rotating the suspended tissue while immersed in the liquid bath.

The board, in affirming the action of the examiner, remarked that the patent does not state that the rotation of the suspended tissue must be in one and the same direction. That specification explicitly provides that, while immersed in the bath, "the tissue specimens are continuously turned" and "kept in motion *preferably* by rotating the tissue specimen slowly in the said liquid."

We have here italicized the word "preferably" as indicating to any person skilled in the art who may practice the invention of the patent, that he is not confined by its teaching to rotate the suspended tissue in one and the same direction.

Counsel for appellant vigorously argue here that although the examiner referred to the similar mode of operation in an agitator type of washing machine, he cited no particular reference for the rejection of the claims on that basis; and that the examiner's reliance on the mode of operation of a certain type of washing machine was entirely improper, apart from the fact that the washing machine art is obviously nonanalogous to, and far removed from, the arts of pathology and microscopy.

Appellant's argument on this point is without merit. Officials of the Patent Office in the rejection of claims for a patent are not required to verify facts which everybody knows are true. If the facts relied upon by the examiner do not constitute a matter of common knowledge, appellant may not for the first time challenge the validity of his rejection for that reason on appeal to this court. In re Swain, 156 F.2d 239, 33 C.C.P.A., Patents, 1250; Rule 132 of the Rules of Practice of the United States Patent Office, 35 U.S.C.A.Appendix. Furthermore, a reference cited from alleged nonanalogous art is a proper reference, if the disclosure thereof suggests doing that which the applicant has relied upon to endow his claims with patentable distinction. In re Fridolph, 134 F.2d 414, 30 C.C.P.A., Patents, 939; In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823; In re Zabel, 186 F.2d 735, 38 C.C.P.A., Patents 832; In re Berliner, 195 F.2d 918, 39 C.C.P.A., Patents, 928.

The board remarked that the appealed claims are limited to oscillating or reversing the direction of rotation of the tissue while immersed in the liquid, in which respect they differ from the language of the patented claims.

We agree with the tribunals of the Patent Office that no invention over the prior art resides in the distinction

290

thus defined by the claims on appeal. Appellant may not extend the monopoly incident to his original patent by claiming in different phraseology the inventive concept upon which the patent was granted. In re Ward, 150 F.2d 436, 32 C.C.P.A., Patents, 1238.

No useful purpose would be served here by the statement and discussion of additional points raised by counsel for appellant, and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.