42 C.C.P.A. (Patents)

### Application of MARVIN.

### Patent Appeal No. 6108.

United States Court of Customs and
Patent Appeals.

April 28, 1955.

Brown, Jackson, Boettcher & Dienner, Chicago, Ill. (Charles V. Hildebrecht, Chicago, Ill., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (Clarence W. Moore, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and O'CONNELL, JOHNSON, WORLEY and COLE, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner who rejected all the claims, 39, 40 and 41, in appellant's application for a patent on an improved "Condition Controlling System," particularly for controlling automatically the operation of a household furnace.

None of appellant's claims was allowed and all of them were rejected by the examiner on the patent to Cameron, No. 2,212,386, issued August 20, 1940, the principal reference, in view of any one of the secondary references:

Norden et al., 1,497,194 June 10, 1924; Gerst (Br.) 347,442 April 30, 1931; Roberts 2,235,169 March 18, 1941; Haimbaugh 2,263,298 Nov. 18, 1941.

The board in affirming the decision of the examiner found no reversible error in the respective grounds of rejection which he asserted but confined its affirmance to his rejection based on Cameron in view of Norden et al. or Gerst. The board regarded the examiner's rejection on Cameron in view of Roberts or Haimbaugh as cumulative. Accordingly, the disclosure of the last two references need not be discussed here.

Claim 39 is illustrative:

"39. In a remote control system energized by a source of electrical potential for controlling automatically the operation of a household furnace, a radio frequency oscillator in circuit connection with said source of electrical potential, a first thermally responsive switch, regulatory means operatively connected to said first switch for conditioning same to close at a preselected temperature and to open at a second preselected temperature, a time responsive switch in circuit connection with said first named switch, a timing device associated with said second named switch, time conditioning means operated by said timing device for maintaining said second named switch open during a preselected time interval and closed dur-

ing a second preselected time interval, the circuit connection of said oscillator with said source of potential being completed through said two named switches; and a remotely positioned radio frequency receiver controlling the electrical energization of a motor driven damper control means associated with said furnace whereby when said first switch is closed in accordance with the closing temperature condition as determined therefor by said regulatory means and said second switch is closed during the closing time condition as determined therefor by said time conditioning means, said oscillator will be energized by said source of electrical potential to transmit radio frequency energy to said receiver which in turn serves to actuate said motor driven furnace damper means for regulating the operation of said furnace."

The operation of appellant's control system was thus summarized in the decision of the board:

" * * * A time switch is connected in circuit with day and night thermostats for connecting the day thermostat in circuit with the furnace control means during the day and the night thermostat in circuit with the furnace control means during the night, so that the furnace is under the control of the day thermostat during the day and the night thermostat during the night. Instead of having the thermostatic control device connected to the furnace control means through wires as is conventional in the art, it is connected to the furnace control means through a radio transmitter and receiver. The closing of the switch controlled by either the day or night thermostat, depending upon which one is connected in the control circuit by the time switch, energizes an oscillator which transmits radio frequency energy to a receiver located adjacent the furnace. The radio frequency energy received by the re-

ceiver operates a relay which operates the furnace control means.
* * * "

The patent to Cameron, assignor of the General Electric Company, relates to time switches of simple construction particularly designated for use in systems of automatic control for domestic heating apparatus. In the form shown in the patentee's disclosure, the time switch employs two sets of time controlled contacts; one set of which opens and closes a circuit at predetermined adjustable times in a given period, such as 24 hours, and may be used to shift control "from day to night thermostat and vice versa." Cameron in general teaches appellant's combination, but has otherwise disclosed an electromagnetic relay instead of a radio relay for opening and closing a circuit in a temperature responsive system.

Norden et al. disclose an improvement in radio relay alarm systems for use with apparatus when fire occurs, etc. The patent to Gerst relates to a similar invention and apparatus for notifying through the operation of radio relay signals increased temperature or fire at any distance or place.

The solicitor has briefly defined the action of the Patent Office in these words: "Succinctly summarized, the position of the two tribunals below is that Cameron shows a specific temperature responsive system for opening and closing a circuit to an electromagnetic relay controlling a furnace, that Norden et al. and Gerst (and likewise Roberts and Haimbaugh) show a radio relay, and that there is no invention in substituting such a radio relay for Cameron's electromagnetic relay. With such a substitution, all the claims on appeal are met, and the examiner and the Board concurred in so holding."

Appellant urges here that Cameron "does not show basis for combination with the other references as proposed." This court in the case of In re Milne, 140 F.2d 1003, 1005, 31 C.C.P.A., Patents, 918, held that no such requirement has been established as a criterion in rejection of patent claims, and that in the con-

sideration of a plurality of references whose combined teachings are relied upon to negative patentability, the question always is " 'could one skilled in the art with the references before him make the combination of elements * * * claimed without exercise of the inventive faculty' ". To the same effect, see also In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823; In re Drisch, 189 F.2d 994, 38 C.C.P.A., Patents, 1150; In re Zabel, 186 F.2d 735, 38 C.C.P.A., Patents, 832.

There is accordingly no legal basis for appellant's contention here that since the concept of controlling a radio frequency oscillator used in conjunction with a radio receiver for regulating the operation of a household furnace appears to be a novel step over the disclosure of the prior art, and especially the references of record, claim 39 and the other appealed claims are allowable.

For the reasons stated, the decision of the board is affirmed.

Affirmed.