33 C.C.P.A.(Patents)

## Application of WHARTON.
### Patent Appeal No. 5190.

Court of Customs and Patent Appeals.

June 11, 1946.

Lawrence G. Miller, of Boston, Mass. (Emery, Booth, Townsend, Miller & Weidner, of Boston, Mass., of counsel), for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting eight claims in appellant's application for a patent for "certain new and useful improvements in a Machine for Finishing the Handles of Shovels."

The references are—

Kennan, 286,707, Oct. 16, 1883;

Delbauve et al., 1,193,673, Aug. 8, 1916.

The examiner allowed claims 1, 3, 8, and 17 but rejected claims 2, 4, 5, 6, 7, 11, 12, 14, 15, and 16 as unpatentable over the patent to Kennan. Claims 4, 5, 7, 11, and 12 were further rejected by the examiner as unpatentable over Delbauve et al. The Board of Appeals reversed the action of the examiner as to the rejection of claims 6 and 16 and allowed those two claims, but otherwise affirmed the examiner's decision without discussing the cited patent to Delbauve et al.

Claim 4 is illustrative, the italicized portions of which are relied upon by appellant to distinguish his construction from the construction of the prior art. The claim, as noted, reads—

"4. A polishing apparatus for the shanks of complete shovels comprising a polishing element, a holder at one side thereof having provision for *grasping* a shovel *at one of the shank* to *retain* and *carry* the shovel, the shank of the shovel extending across

the element with the blades beyond the same at the other side thereof, the other side of the polishing element being *unobstructed* to permit the blade of the shovel to move at that side of the polishing element, means for traversing the holder along said side of the polishing element, and means to rotate the holder."

Omitting reference citations to the record, the examiner describes the invention as—

" * * * a machine for finishing the handle of shovels using a sanding belt tool. The machine has two sanding belts * * *. The workholder comprises a chain conveyor. The upper run of the conveyor moves through a guide housing. Suitable holders on the chain hold the grips of the shovel. The holders are pivoted * * * to blocks on the chain. The chuck for the handle of the shovel comprises a boxlike member which has a sliding cover. The chuck is supported on a shaft which has a sprocket wheel which engages a fixed length of sprocket chain. The guide housing has elevated portions * * * to prevent the work from dropping between the belts and on the opposite side of the belt there are narrow supporting boards with cam-like rise portions to underride the shovels at the points between the belts."

The patent to Kennan relates to a machine for polishing and finishing wooden spokes of wagon and carriage wheels or other articles. The specification states—

" * * * mechanism is employed which automatically grasps the spokes and presents them for the polishing action of sanding-belts, and which, while so presented to the belts, causes the spokes to revolve with a uniform motion coactively with a reciprocating motion in a direction parallel with the spokes of one or more of said sanding-belts * * *."

More specifically and so far as pertinent to the issue here, the apparatus described in the specification of Kennan comprises elements consisting of sand belts upon overhung pulleys for polishing the spokes. An endless chain, composed of castings and links, is carried upon and moved by sprocket-wheels. The castings contain, respectively, mechanism for the retention therein of the round and flat ends of the spokes.

The castings of the chain contain a shaft journaled therein, the shaft being extended and forming a socket. The holding means which "automatically grasps" the spokes and presents them for the polishing action of sanding-belts is described in detail by Kennan—

" * * * Upon the inside of one of the jaws of the socket is a sharp spur, located in a direction parallel with the direction of the shaft, which enters the wood of the spoke and assists in retaining it within said socket while it is subjected to the action of the sanding-belts. * * *

"In the casting *c* of the chain is journaled a dead-spindle, pointed upon its inner extremity for engagement with and the retention thereon of the round end of the spoke, permitting it to revolve freely thereon. * * *

*   *   *   *   *   *

"H H¹ H² H³ are guides, between which the chains carrying the spokes are guided as they bring them in contact with the sanding-belts. The guides are curved for the purpose of bringing the spokes in contact with the yielding surface of said belts, and also for raising them clear of the pulleys upon which said belts are carried."

The appellant submits two points in support of his position here—

"1st. The references cited by the Patent Office fail to show *any* device designed for or *capable* of handling a device of the peculiar shape of a shovel.

"2nd. It is an entirely new idea to grip the shovel at a substantially single point so as to rotate it about the axis of the straight cylindrical shank with the shank in contact with a polishing device yet with the offset blade is out of the way and free to take such eccentric path as it will without impediment to the polishing operation."

The fact that the references cited by the Patent Office fail to disclose a polishing apparatus for the handles or shanks of *complete shovels is not a controlling* issue here. If, to any person skilled in the art, the art of record suggest doing the

thing that appellant has done, no invention is involved in forming the apparatus to which appellant's claims are drawn. In re Stover, 146 F.2d 299, 32 C.C.P.A., Patents, 823, 826, In re Application of Merkle, 150 F.2d 445, 32 C.C.P.A., Patents, 1151.

It is noted that Kennan defines means for polishing an article generally similar to those defined by appellant for the same purpose. Claims have been allowed by the tribunals of the Patent Office which in their opinion embrace all the features of appellant's disclosure that are patentably distinguishable over the patent to Kennan. What appellant seeks to obtain here is the allowance of claims which are broader than the allowed claims.

The Solicitor for the Patent Office calls attention to the fact that claims reciting the grasping means have been allowed and, further, that the term "grasp" is not sufficiently definite to distinguish from the action of the jaws and the spur of the socket of Kennan in retaining the spoke in the socket, and, finally, that the term is not one of structure but of function.

As to the remaining feature relied upon by appellant, the "unobstructed" space at one side of the polishing belt, the Solicitor correctly argues that neither side of the polishing belt in Kennan may be said to be obstructed. The Solicitor also draws the attention of the court to the holding of the examiner that provision for the movement of an enlarged blade on the workpiece of Kennan could obviously be made and that the mere expedient of arranging a machine so as to prevent interference with a workpiece is too obvious to involve invention.

It may be true that a device for handling a shovel during a polishing operation may differ from a device for polishing wooden wheel spokes, as appellant contends, but it is also true, as pointed out by the Solicitor, that "The shovel is of course no part of the claimed machine and the fact that the machine has a grasping means particularly designed to grasp shovel handles of a certain form, does not impart patentability to a claim which does not recite the particular grasping structure." Therefore we are not convinced by the argument of appellant that the difference between the effect of the operation of his machine and that of the reference patents is important.

It may be noted also that the term here involved is one of function and not of structure. Since the claims are for structure only, if the elements of the structure defined by the claims do not involve invention over structures of the prior art, the functions attributed to the parts of the structure of the application are immaterial.

There is no doubt that a machine for polishing shovel shafts designed in order that there will be no obstruction in the path of the shovel blades is desirable and useful. However, as correctly stated by the Solicitor, the "recitation in the claims that a space is unobstructed is merely a statement of something to be avoided or, as the Board said, it is a negative limitation. It is not a sufficiently definite recitation of the actual structure as to impart patentability to a claim otherwise met by the art."

In view of the cited prior art, it is our opinion that the construction of the apparatus defined in the rejected claims would be obvious to any person skilled in the art, and that no patentable conception is involved in doing what appellant has done. Accordingly, we deem it unnecessary to discuss and pass upon other points raised by appellant.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

GARRETT, Presiding Judge, sat during the arguments of this case, but because of illness took no part in its consideration or in the decision.